# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ISTVAN RUZSA,**

       **Plaintiff,**

**v.**                                            **Case No:   6:16-cv-1205-Orl-37KRS**

**BRIDGEFIELD INSURANCE,**

       **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**     **APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (SHORT FORM) (Doc. No. 2)**
>
> **FILED:**       **July 1, 2016**

On July 1, 2016, Plaintiff Istvan Ruzsa filed a complaint against Defendant Bridgefield Insurance. Doc. No. 1. Plaintiff also filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form), which I construe as a motion to proceed *in forma pauperis*. Doc. No. 2. That motion was referred to me for issuance of this Report and Recommendation, and the matter is now ripe for review.

"In any action filed directly in federal court, plaintiff bears the burden of adequately pleading, and ultimately proving, jurisdiction." *Moreno v. Breitburn Fla., LLC*, No. 2:09-cv-556-FtM-29DNF, 2011 WL 2293124, at *1 (M.D. Fla. June 9, 2011). In his Civil Cover Sheet, Plaintiff asserts that the Court may exercise federal question jurisdiction over his claims pursuant to 28

U.S.C. § 1331.  Doc. No. 1-1.  However, in the "Nature of Suit" portion of that document he only identified his claim as one sounding in tort for "personal injury – product liability."  *Id.*  That state law claim fails to create federal question jurisdiction.  Moreover, in the body of the complaint, Plaintiff does not explicitly identify any federal statute or constitutional provision upon which he bases his claims.

Because Plaintiff has failed to specifically plead any cognizable basis for the exercise of federal question jurisdiction in this case, I respectfully **RECOMMEND** that the Court **DISMISS without prejudice** Plaintiff's complaint (Doc. No. 1).  I further **RECOMMEND** that the Court terminate Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. No. 2).  Finally, because Plaintiff is proceeding *pro se* and because it is unclear, at present, whether Plaintiff could raise any claim that falls within the Court's jurisdiction, I **RECOMMEND** that the Court afford Plaintiff leave to file an amended complaint and renewed motion to proceed *in forma pauperis*, within a time frame set by the Court.

Should Plaintiff file an amended complaint, that filing should include a short and plain statement showing that this Court has jurisdiction over his claims.  *See* Fed. R. Civ. P. 8(a)(1).  In a section entitled "Statement of Facts," Plaintiff should clearly identify the alleged legal violations committed and the facts surrounding the alleged legal violations, including how each named defendant is involved in the alleged violations.  Plaintiff must allege some causal connection between each named defendant and the injuries allegedly sustained.  Plaintiff must also include all allegations in the body of his complaint rather than in attachments.

If Plaintiff files an amended complaint he should also clearly allege each cause of action that he wishes to pursue, and the legal basis of each cause of action (i.e., constitutional provision, treaty, statute, or common law cause of action).  Each alleged violation should be set forth in a separate

count. Along with each count, Plaintiff should include sufficient facts to show that each of his claims for relief is plausible. Plaintiff should specify the type (i.e., monetary, declaratory, or injunctive) and character of the relief that he requests.

Finally, in considering how to prepare his amended complaint, the Court directs Plaintiff to its website, where it has made available resources for *pro se* litigants to aid them in proceeding in federal court. In particular, the Court directs Plaintiff's attention to the Court's website, which includes a handbook, forms, and other information to assist *pro se* litigants with representing themselves in this Court. *See* http://www.flmd.uscourts.gov/pro_se/docs/e-pro_se.htm (last visited July 11, 2016).

## **NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on July 11, 2016.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy